**John C. Ellis**
**California Bar No.**
**Reuben Camper Cahn**
**California Bar No. 255158**
**Federal Defenders Of San Diego, Inc.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666

Attorneys for Defendant
Nicole Kissane

United States District Court

Southern District Of California

| United States Of America, | Case No.: 15cr1928-Lab-02 |
|---|---|
| Plaintiff, | Honorable Larry Alan Burns |
| | Courtroom 14a |
| V. | Date: September 27, 2016 |
| | Time: 10:00 A.M. |
| Nicole Kissane, | |
| | **Statement Of Facts And Memorandum** |
| Defendant. | **Of Points And Authorities** |

**Introduction**

**A.  The indictment fails to allege an essential element as required by the Fifth Amendment and must be dismissed.**

The Fifth Amendment requires that an indictment set forth every element necessary to allege a crime. If it does not, if an element is missing, there is no way to be certain that the Grand Jury considered and found that missing element. The indictment here appears to allege every element of a conspiracy charge under the Animal Enterprise Terrorism Act. But, as explained elsewhere, the conspiracy prong of the statute is overbroad and unconstitutional. Ms. Kissane expects the

government may try to rescue the conspiracy charge by importing into it additional elements from the Act's substantive offenses.  Ms. Kissane files this motion to make clear that the Indictment does not adequately allege those additional elements.

The Animal Enterprise Terrorism Act makes it a crime to conspire to 1) travel in interstate commerce 2) "for the purpose of damaging or interfering with the operations of an animal enterprise."  *See* 18 U.S.C. § 43.  As explained in Defendant's Motion to Dismiss the Indictment (Overbreadth), the statute sweeps within its ambit all manner of protected speech and expressive conduct and is unconstitutional.  No court has passed on the constitutionality of the conspiracy prong of the statute.  Those that have considered the constitutionality of the statute have approved prosecutions only of substantive violations of the Act.  *See, e.g., United States v. Johnson,* No. 14-CR-390, 2015 WL 1058087, at *3-*4 (N.D. Ill. Mar. 25, 2015)

Substantive violations require the additional element under section (a)(2)(A) that "in connection such purpose" [to damage or interfere with the operations of an animal enterprise] the accused "[i]ntentionally damage[] or cause[] the loss of any real or personal property (including animals or records) used by an animal enterprise." At least one court has held that this section requires damage to tangible property and effectively limits the scope of the act to non-protected conduct.  *See Johnson,* 2015 WL 1058087, at *3-*4.

The government, in an effort to rescue the overbroad conspiracy charge, may abandon its current position and argue that the statute incorporates the section (a)(2)(A) requirement.  Were this correct, and it is not, the indictment would still be defective because it lacks any allegation that Ms. Kissane agreed to intentionally damage the property of an animal enterprise *in connection with* a purpose to interfere with the operations of an animal enterprise.  The "connection" is a critical part of section (a)(2)(A).  Such a connection might be intuited.  It might be inferred. But it is not alleged, and there is no way to be certain that the Grand Jury considered

4
NOTICE OF MOTIONS

and found this nexus. If section (a)(2)(A) is part of a conspiracy charge under the statute, the indictment must be dismissed.

### Argument

**A.  The Fifth Amendment allows a defendant to be convicted only on charges made by the grand jury.**

Under our Constitution, the indictment in a criminal case serves three important purposes. First, consistent with requirements of the Sixth Amendment, the indictment ensures that a defendant is informed of the "nature and cause of the accusation." *See Hamling v. United States*, 418 U.S. 87, 117 (1974); *Russell v. United States*, 369 U.S. 749, 763 (1962). Second, it effectuates the Fifth Amendment's prohibition on putting an individual twice in jeopardy for the same offense by allowing the defendant to plead any judgment in bar against a subsequent prosecution. *Ibid.* Third, the indictment assures that a defendant is convicted only of charges considered and found by the grand jury. *See Stirone v. United States*, 361 U.S. 212, 217 (1960). It is the last of these requirements that is at issue here, for the indictment fails to set forth an essential element of the offense, that any agreement to intentionally damage an animal enterprise's property was made in connection with a purpose of interfering with the animal enterprise's operations.

**B.  The Animal Enterprise Terrorism Act requires that a defendant agree to damage property in connection with a purpose to interfere with the operations of an Animal Enterprise.**

Defendant is charged with conspiring to violate the Animal Enterprise Terrorism Act as set forth at 18 U.S.C. §§ 43(a)(1), (2)(C), and (b)(3)(A). To determine whether the indictment properly sets forth an offense, one must first determine the essential elements of the offense.[1]  No decision, reported or

---

[1] Defendant's Motion to Dismiss Indictment for Overbreadth discusses the proper interpretation of the statute in greater detail.

otherwise, has determined the conspiracy offense's elements, so "[w]e first look to the actual language used and the grammatical construction of the statute." *United States v. Kurka,* 818 F.2d 1427, 1429 (9th Cir. 1987). The relevant portions of the statute read:

(a) OFFENSE.—Whoever travels in interstate or foreign commerce —

    (1) for the purpose of damaging or interfering with the operations of an animal enterprise; and

    (2) in connection with such purpose—

        (A) intentionally damages or causes the loss of any real or personal property (including animals or records) used by an animal enterprise, or any real or personal property of a person or entity having a connection to, relationship with, or transactions with an animal enterprise;

or

        (C) conspires or attempts to do so;

shall be punished as provided for in subsection (b).

The government, in its Preliminary Trial Memorandum asserts that conviction of a conspiracy charge under the statute requires only that:

    1. There was an agreement between at least two persons:

        a. to travel in interstate or foreign commerce;

        b. for the purpose of damaging or interfering with the operation of an animal enterprise;

    2. The defendant became a member of the conspiracy knowing of one of its objects and intending to help accomplish it; and

    3. The offense resulted in more than $100,000 in damages (increases the statutory maximum to 10 years.)

Government's Preliminary Trial Memorandum ("Trial Memo") at 21. This is the obvious import of the statute's plain language because the antecedent of "so" in (a)(2)(C) is logically and grammatically only the matters set out in (a)(1). This correct interpretation of the statute renders it plainly unconstitutional because it sweeps in all manner of conduct protected by the First Amendment: The statute is

not substantially overbroad, but grossly so.  This argument is set out more fully in Defendant's Motion to Dismiss the Indictment for Overbreadth.

As noted above, this motion is filed in case the government argues that the statute can be judicially re-written to require the conspiracy offense set out in (a)(2)(c) to incorporate both (a)(1) and (2) .  Under this unnatural reading, conviction of conspiracy would require:

1. An agreement between two or more people to both

   a. Travel in interstate commerce for the purpose of damaging or interfering with the operation of an animal enterprise
   b. And, *in connection with that purpose,* to intentionally damage or cause the loss of any real or personal property used by an animal enterprise

2. That the defendant knowingly became a member of the conspiracy knowing of its object and intending to help accomplish it.

3. The offense resulted in economic damages.

**C. The indictment fails to allege the essential *mens rea* element that defendant agree to damage property *in connection with* a purpose to interfere with the operations of an Animal Enterprise.**

The relevant portion of the indictment charges:

> JOSEPH BUDDENBERG and NICOLE KISSANE, did knowingly and intentionally conspire with each other and with persons known and unknown to the grand jury to travel in interstate and foreign commerce for the purpose of causing physical disruption to the functioning of animal enterprises, to intentionally damage and cause the loss of real and personal property, including, but not limited to, animals and records used by the animal enterprises, and caused economic damage in an amount exceeding $100, 000.

The indictment alleges an agreement to travel in interstate commerce "for the purpose of causing *physical disruption* to the *functioning* of animal enterprises." (Emphasis supplied.)  Read charitably, this may be seen as alleging a "purpose of

7

*damaging or interfering* with the *operation* of an animal enterprise" as required by subsection (a)(1)(A) and (B) of the statute.  The indictment also alleges that the agreement encompasses a second aim, an intent "to intentionally damage and cause the loss of real and personal property" of an animal enterprise as required subsection (a)(2)(A).

What the indictment does not allege is that the second aim of the agreement—to damage or interfere with the operation of an animal enterprise—was intended in connection with the purpose to damage the operations of an animal enterprise.  This is not a technical or academic defect of no consequence.  Imagine an animal activist damages or causes the loss of animal enterprise property by freeing minks not out of any intent to interfere with the enterprise's operations but out of pity for the caged animals.  That same animal activist then flies to Washington to lobby for a bill that would bar the keeping fur animals in small cages.  *Cf. Cramer v. Harris,* 591 F. Appx. 634 (9th Cir. 2015) (unpublished) (upholding California's Proposition 2 which required increased cage sizes for egg-laying hens, pregnant sows, and veal calves).  If passed the bill interferes with the operation of fur farms, so the activist has traveled in interstate commerce for the purpose of interfering with the operations of an animal enterprise.  But the activist has not violated the statute because he or she did not free the minks in connection with the same *mens rea* with which he or she traveled.

This element of a connection between an agreement to intentionally damage animal enterprise property and a purpose to interfere with that animal enterprise's operations does not appear anywhere in the indictment here.  The section of the indictment entitled "Means and Method of the Conspiracy" does not contain such an allegation.  In fact, it does not even allege the required purpose.  The indictment states that "The defendants, animal rights extremists, planned multiple cross-country trips in the summer of 2013 to intentionally cause harm to the fur industry."  While the government might claim that this amounts to an allegation of the

8

elements set out in (a)(1), traveling in interstate commerce for the purpose of interfering with the operations of an animal enterprise, it does not.  Harming the fur industry is not the same as "interfering with the operations of an animal enterprise." When Khloe Kardashian travels to New York for a photo shoot for PETA's "I'd rather go naked than wear fur" ad campaign, she intends to "cause harm to the fur industry" by dissuading consumers from buying fur.



But she has not interfered with the operations of an animal enterprise.

At another point in the same section, the indictment alleges "[w]hile on their trips, the defendants released mink from mink farms and vandalized property associated with the fur industry," but nowhere does it allege that the release of mink was done "in connection with that purpose" of "interfer[ing] with the operations of an animal enterprise."  And such intent cannot be deduced ineluctably because

release of minks could have been motivated by pity for the animals and vandalism could have inspired by dislike of those who would cage and electrocute animals. *See, e.g.*, Indictment at 3-4 alleging that vandalism was motivated by animal rights activists' dislike of individual.

Similarly, the recitation of overt acts does not contain the necessary allegation of connection to the required purpose. There are numerous allegations of causing damage to or loss of animal enterprise property, but there is no allegation that this damage was done in connection with a purpose to interfere with the operations of an animal enterprise. The element of agreeing to act in connection with the purpose required by the statute is missing from the indictment. Without this allegation of the required *mens rea*, the indictment is fatally defective.

**D.     Failure to allege the proper *mens rea* element is fatal to the indictment.**

The Ninth Circuit has consistently held that the failure to properly allege the exact *mens rea* required by statute renders an indictment defective. For example, in *Kurka*, the defendant was charged with violating 18 U.S.C. § 33 which provided in pertinent part:

> Whoever willfully, with intent to endanger the safety of any person on board or anyone who he believes will board the same, or with a reckless disregard for the safety of human life, damages, disables, destroys, tampers with
>
> * * *
>
> any motor vehicle which is used, operated, or employed in interstate or foreign commerce
>
> * * *
>
> shall be fined not more than $10,000 or imprisoned not more than twenty years, or both.

*See* 818 F.2d at 1430. The indictment alleged that the defendant with reckless disregard for human life damaged a motor vehicle in interstate commerce by firing two rifle shots at a Greyhound bus. The Ninth Circuit reversed the conviction finding the failure to allege that the defendant acted willfully as required by the

statute and that the indictment was therefore defective. *Id.* at 1431.

Similarly, in *United States v. Du Bo*, 186 F.3d 1177 (9th Cir. 1999), the Circuit reversed a conviction under the Hobbs Act. Though not set out in the act, case law requires that a defendant act "knowingly or willingly" to be convicted. *See id.* at 1179. The indictment instead charged Du Bo with "unlawfully" affecting commerce by the "wrongful" use of force. *Id.* Holding that "such terms do not connote the proper *mens rea* for a Hobbs Act conviction," the Circuit found this defect fatal to the indictment: "Du Bo's conviction requires reversal because his indictment fails to ensure that he was prosecuted only "on the basis of the facts presented to the grand jury...." *Id.* at 1179 (citing *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir.1994)).

Failure to allege the *mens rea* required for conviction is the exact defect the indictment here shows. It is not cured by citation to the statute. *See Kurka*, 818 F.2d at 1431. When such a defective indictment is challenged before trial, the appropriate remedy is dismissal. *See Du Bo,* 186 F.3d at 1180-81.

### Conclusion

Because it fails to allege an essential element of *mens rea*—that the defendants agreed to damage animal enterprise property in connection with a purpose to interfere with the operations of such an enterprise—the indictment is defective. It has been properly challenged before trial and must be dismissed.

Respectfully submitted,

Dated: July 19, 2016        */s/ John C. Ellis*
                            Federal Defenders of San Diego, Inc.
                            Attorneys for Defendant
                            Nicole Kissane
                            Email: Email: John_Ellis@fd.org

# CERTIFICATE OF SERVICE

Counsel for the Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

John N. Parmley
Assistant U.S. Attorney

Michael F. Kaplan
Assistant U.S. Attorney

Respectfully submitted,

Dated: July 19, 2016    */s/ John C. Ellis*
Federal Defenders of San Diego, Inc.
Attorneys for Defendant
Nicole Kissane
Email: Email: John_Ellis@fd.org