**John C. Ellis, Jr.**
California State Bar No. 228083
**Reuben Camper Cahn**
California State Bar No. 255158
**Federal Defenders Of San Diego, Inc.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
John_Ellis@fd.org
Reuben_Cahn@fd.org

Attorneys for Ms. Kissane

United States District Court

Southern District Of California

**(Honorable Larry A. Burns)**

| United States Of America, | Case No.:  15CR1928-LAB |
|---|---|
| Plaintiff, | |
| v. | **Memorandum of Points and Authorities in Support of Defendant's Motion** |
| Nicole Kissane, | |
| Defendant. | |

## INTRODUCTION

Defendant Nicole Kissane moves to dismiss the indictment charging her with conspiracy to violate the Animal Enterprise Terrorism Act ("AETA" or "the Act"), 18 U.S.C. § 43(a)(2)(C), because the statute is void for vagueness. Specifically, the Act includes ambiguous terms that fail to provide adequate notice, thus "punishing people for behavior they could not have known was illegal." *United States v. Kilbride*, 584 F.3d 1240, 1256 (9th Cir. 2009). In addition, the Act is "so standardless" that it invites arbitrary enforcement" that is both subjective and selective. *Johnson v. United States*, 135 S. Ct. 2251, 2256 (2015). Accordingly, the statute is void for vagueness, and this Court should dismiss the indictment against Ms. Kissane.

# ARGUMENT:
# THE AETA IS IMPERMISSIBLY VAGUE

A criminal statute is void for vagueness if it enables "punishing people for behavior that they could not have known was illegal [or]…arbitrary and discriminatory enforcement by government officers…." *Kilbride*, 584 F.3d at 1256; *see also Johnson*, 135 S. Ct. at 2556 (holding that a statute may be void for vagueness if it "invites" arbitrary enforcement). Moreover, when a vague statute implicates First Amendment rights, it also threatens to have a chilling effect on free speech. *See Kilbride*, 584 F.3d at 1256. For this reason, courts applying strict scrutiny to a determination of vagueness must "look even more closely" at statutes affecting speech "lest, under the guise of regulating conduct that is reachable by the police power, freedoms of speech or of the press suffer." *Ashton v. Kentucky*, 384 U.S. 195, 200 (1966).

This Court, applying close scrutiny, should dismiss the indictment against Ms. Kissane because the AETA is facially void for vagueness. The statute presents the vagueness doctrine's twin concerns of inadequate notice and arbitrary and discriminatory enforcement, and threatens to chill speech.

### A. The terms of the AETA provide inadequate notice because they are susceptible to various reasonable interpretations

The AETA employs several terms that it fails to define and whose plain meaning is capable of multiple interpretations. Specifically, the Act's criminalization of "interfering" with an animal enterprise, and of damaging the property of any "person or entity having a connection to, relationship with, or transaction with an animal enterprise," are susceptible to conflicting interpretations. As a result, the Act provides inadequate notice of the very acts it criminalizes and thus is void for vagueness. *See, e.g., City of Chicago v. Morales*, 527 U.S. 41, 56 (1999) (voiding for vagueness ordinance that prohibited remaining in the same

place with no apparent purpose after dispersal warning was given because the terms "apparent purpose" and "disperse" were susceptible to multiple interpretations).

For example, the term "interfering" in subsection (a)(1) of the AETA is ambiguous and fails to provide adequate notice of what words or conduct may result in a terrorism conviction under the Act. Subsection (a)(1) criminalizes conspiracy to travel interstate "for the purpose of damaging *or interfering* with the operations of an animal enterprise." 18 U.S.C. § 43(a) (emphasis added). The AETA does not define "interfering." And courts have interpreted the term differently. The Ninth Circuit, for example, has concluded that "[t]o 'interfere' is to 'oppose, intervene, hinder, or prevent.'" *United States v. Willfong*, 274 F.3d 1297, 1301 (9th Cir. 2001) (citing WEBSTER'S NEW WORLD DICTIONARY 704 (3d College ed. 1998)). But the Supreme Court has held that "interference" may include words or conduct that "annoy or offend." *Houston v. Hill*, 482 U.S. 451, 465 (1987). In view of the term's ambiguity, courts have struck down statutes that rely on the term "interfere." *See, e.g., Dorman v. Satti*, 862 F.2d 432, 437 (2d Cir. 1988) (holding that "interfere" is unconstitutionally vague and fails to provide adequate notice of the prohibited conduct); *cf. Riely v. Reno*, 860 F. Supp. 693, 705 (D. Ariz. 1984) (distinguishing *Dorman* and finding no vagueness where statute in question explicitly defined "interfere").

Similarly, the AETA's criminalization of "damaging" the property of any "person or entity having a connection to, relationship with, or transaction with an animal enterprise," subsection (a)(2)(A), is ambiguous to say the least. What degree of connection or relation such a person or entity would need to have with the animal enterprise, and how remote in time or substance the transaction, the Act does not state. Moreover, the AETA does not make clear that a defendant need target an animal enterprise or person or entity related to one *because of* their connection to animals; the defendant need only intend to damage or interfere with the enterprise or person or entity related to it, whether motivated by an animal rights

ideology or the desire to see glass shatter. This, too, means that "ordinary people can[not] understand what conduct is prohibited" under the Act. *Nunez v. City of San Diego*, 114 F.3d 935, 940 (9th Cir. 1997).

Terms this ambiguous leave individuals to guess what speech or conduct may be covered by the Act, and threaten to chill speech entirely. Accordingly, the Act is impermissibly vague. *See Kilbride*, 584 F.3d at 1256.

**B. The AETA's terms are capable of arbitrary and discriminatory enforcement**

The vagueness doctrine concern with arbitrary enforcement is even "more important" than the concern with inadequate notice. *Kolender v. Lawson*, 461 U.S. 352, 358 (1983). Thus, even when the "absence of fair notice to a criminally accused" is not "objectionable," a penal statute encroaching on First Amendment freedoms must be voided for vagueness when it is "susceptible of sweeping and improper application." *NAACP v. Button*, 371 U.S. 415, 428-29 (1963).

The AETA is unconstitutionally vague because it invites highly subjective and arbitrary enforcement. *See Morales*, 527 U.S. at 56. For example, whatever conduct comprises "interfering" is susceptible to subjective judgment because the Act provides no explicit definition or standards. This essentially permits law enforcement to write the law on "interference" as they go. And whether "policemen appl[y] their discretion wisely or poorly in a particular case, [the Act is unconstitutional] because the policemen enjoy[] too much discretion in *every* case." *Id.* at 71 (Breyer, J., concurring) (emphasis in original). In an analogous context, the Supreme Court struck as unconstitutional an anti-picketing statute criminalizing "interference" with a place of business because it could be enforced "merely by showing that others reacted in a way normally expectable of some upon learning the facts of a dispute" with the target business. *Thornhill v. Alabama*, 310 U.S. 88, 100 (1940).

In addition to inviting subjective judgment, the AETA invites discriminatory enforcement. The Act is enforced exclusively against animal rights activists. Indeed, the government in a different AETA case admitted that "only self-identified animal rights activists have been prosecuted under the AETA." Mem. in Supp. of Def.'s Mot. to Dismiss at 29, *Blum v. Holder*, 930 F. Supp. 2d 326 (D. Mass. 2013), *aff'd*, 744 F.3d 790 (1st Cir.), *cert. denied*, 135 S. Ct. 477 (2014). The AETA thus presents precisely the type of selective enforcement that the vagueness doctrine is intended to prevent. *See Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1156-57 (9th Cir. 2014) (voiding for vagueness law that could penalize any driver in Los Angeles who eats food or transports personal belongings in his or her vehicle" but "appears to be applied only to the homeless"); *see also United States v. Lanning*, 723 F.3d 476, 483 (4th Cir. 2013) (acknowledging that disorderly conduct law presented a "real risk" of arbitrary and discriminatory enforcement because sting operation resulting in defendant's prosecution under the law "specifically targeted gay men.") (internal quotation marks and citation omitted). Although the AETA "set[s] a net large enough to catch all possible offenders," it is used as a "convenient tool for harsh and discriminatory enforcement by local prosecuting officials, against particular groups deemed to merit their displeasure." *Papachristou v. City of Jacksonville*, 405 U.S. 156, 165, 170 (1972) (internal quotations omitted). Because the Act is not administered "even-handed[ly]," it "cannot be squared with our constitutional standards." *Id.* at 171. Accordingly, the AETA is void for vagueness, and the indictment against Ms. Kissane should be dismissed.

**CONCLUSION**

For the foregoing reasons, the AETA provides inadequate notice and invites arbitrary and subjective enforcement, and is therefore void for vagueness. Accordingly, this Court should dismiss the indictment against Defendants.

Respectfully submitted,

Dated: July 19, 2016        */s/ John C. Ellis, Jr.*
　　　　　　　　　　　　　Federal Defenders of San Diego, Inc.
　　　　　　　　　　　　　Attorneys for Ms. Kissane

　　　　　　　　　　　　　Email: John_Ellis@fd.org

# CERTIFICATE OF SERVICE

Counsel for the Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

John M. Parmley
Assistant U.S. Attorney

Michael F. Kaplan
Assistant U.S. Attorney

Respectfully submitted,

Dated: July 19, 2016

*/s/ John C. Ellis, Jr.*
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Kissane

Email: John_Ellis@fd.org