**JOHN C. ELLIS, JR.**
California State Bar No. 228083
**REUBEN CAMPER CAHN**
California State Bar No. 255158
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
John_Ellis@fd.org
Reuben_Cahn@fd.org

Attorneys for Ms. Kissane

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.:  15CR1928-LAB |
| Plaintiff, | **Memorandum of Points and Authorities in Support of Defendant's Supplemental Motion to Suppress Evidence** |
| v. | |
| NICOLE KISSANE (2), | |
| Defendant. | |

I.     **Introduction And Procedural History**

Ms. Kissane timely filed various motions, including motions to suppress evidence, on July 19, 2016.  One of the motions to suppress evidence was based on the government's inclusion of false and misleading statements in two search warrant applications.  *See* Dct. No. 111-1, pp. 25-26.  Since the above motion was filed, Ms. Kissane has received additional evidence.[1]  This motion seeks to supplement the original motion to suppress evidence.

/ / /

/ / /

/ / /

---

[1] The new evidence was provided by the Craig, Colorado Police Department.  The government did not provide these reports in discovery.

1                                                  15CR1928-LAB

**II.   This Court Should Suppress Evidence From The Search of The Honda Fit Because The Government Deliberately Included False and Misleading Statements and Omissions In the Search Warrant Application**

As set forth in Ms. Kissane's previously filed suppression motion, the government may not deliberately make false statements or omit relevant facts in an application for a search warrant. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *United States v. Stanert*, 762 F.2d 775, 780 (9th Cir.), amended, 769 F.2d 1410 (9th Cir. 1985). Here, the November 19th application to covertly search Ms. Kissane's car (Exhibit A to Dct. No. 111-1) contains misleading and false statements as well as significant omissions. Specifically, in her warrant application, Agent Frye claimed there was probable cause to believe that Ms. Kissane committed a residential burglary in Craig, Colorado, and that Ms. Kissane's car contained evidence, fruits, and instrumentalities of this crime. *See* Dct. No. 111-2, p. 4, 8. But not only is there no probable cause here; the evidence unearthed by defense counsel affirmatively indicates that Ms. Kissane did *not* commit the Craig offense. Agent Frye's claims to the contrary are based on misleading statements and omissions. And because the warrant for a covert search was granted based on these deliberate falsities and omissions, evidence from the search of the car should be suppressed.

**A. The Craig, Colorado Burglary**

In September 2013, a private residence was burglarized in Craig, Colorado. Agent Frye seeks to make this burglary relevant to the need to search Ms. Kissane's car, but can do so only on the basis of false and misleading statements and omissions.

Agent Frye indicates: "The homeowner owns Smith Rancho Hunting and has recently made the news for being indicted for building trash dumps on public land and illegally diverting water." *See* Dct. No. 111-2, p. 8. This is misleading because it insinuates a connection to this case—that the homeowner would have been

1 targeted because he owned a hunting store and engaged in questionable
2 environmental practices—that is utter fiction.  Agent Frye can point to nothing that
3 actually establishes a connection to this case.

4 Relatedly, Agent Frye describes Mr. Buddenberg as an associate of the
5 "animal rights extremist community" and accuses both Ms. Kissane and
6 Mr. Buddenberg of engaging in extremist actives. *See* Dkt. No. 111-2, p. 2.  By
7 "extremist," Agent Frye means members of the Animal Liberation Front and Earth
8 Liberation Front.  But by the time Agent Frye submitted the search warrant
9 application, the FBI had already determined that the Craig burglary was not related
10 to extremist activity.  Specifically, Craig Police Officer Kenney reported that:

> On October 15, 2013 spoke with Ben Hamilton from the Glenwood Springs office of the FBI. We discussed the possibility of this crime being related to animal activists and he stated that based on his knowledge and experience, the details of the crime did not fit any of their current MOs. He also stated that although ALF or ELF do use spray paint, typically they will use red spray paint to represent blood and they also claim responsibility for their acts, which they had not. He stated that he would be in touch if any additional information was gained.

18 Exhibit A, p. 8.  Agent Frye, in her application, misled the court by failing to include
19 that the offense was likely not committed by extremist.

20 Finally, the timing of this incident further highlights Agent Frye's
21 obfuscations.  Agent Frye insinuates that the residential burglary was committed on
22 September 17, 2014.  *See* Dct. No. 111-2, p. 8 ("On September 17, Craig, Coloardo
23 Police Department was notified of a residential burglary").  Agent Frye further
24 notes that Ms. Kissane was in Elko, Nevada on September 16, 2014.  *Id.*  That's
25 important to Agent Frye's application because Elko about a day's drive from Craig.
26 / / /
27 / / /
28 / / /



But what Frye fails to mention in her application is that, according to the Craig Police, the burglary could have occurred *almost a week* prior:

> On September 17th at approximately noon, Craig Police were notified of a residential burglary at a residence in the 500 block of Barclay Street. The home was forcibly entered and it was reported that the suspect(s) stole a large amount of weapons, jewelry and other items from the home and the interior of the home sustained a large amount of vandalism. **It is believed this incident occurred between 9/12/13 and 9/17/13.**

Craig Police Department Press Release, Exhibit A, p. 3 (emphasis added). Importantly, the government knew that Ms. Kissane was in the "San Francisco Bay Area" from September 6 until September 16, 2013. Dct. No. 1, p. 3. By failing to include that the offense was likely committed prior to September 17, Agent Frye misled the court.

In short, far from having probable cause to believe that Ms. Kissane committed the Craig burglary, thus justifying a warrant for a covert search of her car, the evidence available to Frye actually showed that Ms. Kissane did not commit the offense. Agent Frye's claims to the contrary are based on willful misrepresentations or, at a minimum, reckless disregard for the truth. The search warrant therefore "must be voided and the fruits of the search excluded from the trial to the same extent as if probable cause was lacking on the face of the affidavit." *Franks*, 438 U.S. at 156.

**B. Items Sought In The Search of The Vehicle**

The willfulness of Agent Frye's misleading statements and omissions is made all the clearer by the list of items the government wants to seize. Items stolen from the home in Craig, Colorado include:

a. Jade pierced round earrings
b. Turquoise pierced earrings
c. Ostrich egg with the African Big 5 animals scrimshawed on one side
d. Old Gerber knife in frame
e. Winchester Model 94 30-30 cal. with a saddle ring (bluing on the barrel has a purple 'haze.')
f. Winchester Model 94 32 cal. Win Special (No stock comb)
g. 2-Wichester Model 94 30-30 cal. (not in good shape)
h. Winchester Pre-64' 264 cal. with a fiberglass stock and a Swarovski scope
i. Winchester Pre-64' Model 70 243 cal. Bull barrel with a 6X Leopold scope
J. Winchester Pre-64' Model 70 270 cal. (with a 5 digit serial number) 6X Bushnell scope
k. Winchester Pre-64' Model 70 25-06 cal. with a 6X Leopold scope
1. Winchester Pre-64' Model 70 300 cal. Win Mag with a "fancy stock" custom stock with a Burris scope
m. Winchester Pre-64' Model 70 264 cal. 3X9 Bushnell scope
n. Colt Sauer 300 cal. Weatherby 6X Leopold scope
o. Weatherby 270 cal. Mark 5 with a wood stock with engraved scope rings
p. Weatherby Mark 5 257 cal. with a fiberglass stock 3X9 Redfield scope
q. Weatherby 410 cal. shotgun with a bolt action
r. Winchester Model 63 22 cal. Automatic (loads in the side of the stock)
s. Winchester Model 94 30-30 cal.
t. 2-Finished Pre-64' wood rifle stocks
u. Remington 870 12-gauge shotgun with riot barrel and sling

|      |     |                                                                                                          |
|------|-----|----------------------------------------------------------------------------------------------------------|
|      | v.  | Colt action 243 cal. Steyr Mannlicher (the stock goes all of the way up the barrel) with a Leopold 6X scope |
|      | w.  | Ithica Model 3 7 16 gauge pump shotgun                                                                   |
|      | x.  | 1100 Remington 20 gauge automatic shotgun                                                                |
|      | y.  | Savage12 gauge bolt slug gun (black) with a Leopold scope                                                |
|      | z.  | Parker Hale 270 cal. bolt with a wood stock                                                              |
|      | aa. | Remington 870 pump 12 gauge shotgun 18" BBL                                                              |
|      | bb. | Model 70 pre-war 30-06 with a Leopold 6X scope                                                           |
|      | cc. | Remington 22 cal. pump action                                                                            |
|      | dd. | Browning BLR 243 caliper with a Weaver 6X scope                                                          |
|      | ee. | Browning Wyoming Centennial single shot 25-06                                                            |

*See* Dct. No. 111-2, pp. 18-19. Although the vast majority of these items are firearms, there are also a number of smaller items, such as earrings. The inclusion of small items give officers justification to search every nook and cranny of the vehicle. Moreover, the inclusion of the burglary of firearms is clear: to bolster an otherwise weak application and scare the magistrate judge into signing off on the warrant.

But because there is simply no probable cause to believe that either Ms. Kissane or Mr. Buddenberg committed the burglary, and the application's suggestions to the contrary were based on misleading statements and omissions, the application should have been denied. Accordingly, the items seized should be suppressed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III. Conclusion

For the reasons set forth above, and those in the original motion to suppress evidence, Ms. Kissane submits that it is facially evident that Agent Frye willfully misstated the evidence in her warrant application; Ms. Kissane accordingly moves this Court to suppress all evidence seized and derived from the search of the Honda Fit. In the alternative, Ms. Kissane requests an evidentiary hearing to establish that Agent Frye's false statements and omissions were willful and deliberate or made in reckless disregard of the truth.

Respectfully submitted,

Dated: August 11, 2016      *s/ John C. Ellis, Jr.*
                            JOHN C. ELLIS, JR.
                            Federal Defenders of San Diego, Inc.
                            Attorneys for Ms. Kissane

                            Email: John_Ellis@fd.org

7                                    15CR1928-LAB
MEMORANDUM OF POINTS AND AUTHORITIES

# **CERTIFICATE OF SERVICE**

Counsel for the Defendant certifies that the foregoing pleading has been electronically served on the following parties by virtue of their registration with the CM/ECF system:

John Parmley
Assistant U.S. Attorney

Respectfully submitted,

Dated:  August 11, 2016     *s/ John C. Ellis, Jr.*
JOHN C. ELLIS, JR.
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Kissane

Email:  John_Ellis@fd.org