**JOHN C. ELLIS, JR.**
California State Bar No. 228083
**REUBEN CAMPER CAHN**
California State Bar No. 255158
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467/Facsimile: (619) 687-2666
john_ellis@fd.org/ reuben_cahn@fd.org

Attorneys for Ms. Kissane

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICOLE KISSANE,<br><br>Defendant. | CASE NO.:  15-CR-1928-LAB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL *BRADY* MATERIALS** |

## I.    Introduction

The government has produced multiple rounds of discovery to the defense. The amount of discovery produced thus far includes thousands of pages or reports; dozens of hours of videos; and a significant amount of electronic data.   Until recently, defense counsel believed that the above discovery also included *Brady* material.  But counsel recently learned from one of the alleged victims in this case that he has turned over material to the FBI (consisting of emails and voicemails of threats to his business) that constitutes *Brady* material.  When asked about this information, the assigned Assistant United States Attorney seemed unaware of its existence—suggesting that the FBI suppressed this information from the United

1

States Attorney's Office.  In light of the above, Ms. Kissane renews her motion for *Brady* material.  *See* Dct. No.s 21 & 22 (the defendant "asks for production of all evidence and information to which [s]he is entitled under Federal Rule of Criminal Procedure 16(a), Federal Rules of Evidence 404(b) and 609(a), as well as all exculpatory and potentially impeaching information, as required by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. This includes, but is not limited to, all information (exculpatory, inculpatory, or otherwise relevant), related to this case, the alleged overt acts, and the agents/officers involved in the investigation. He also requests expert disclosures.").

## II. *Brady* Material

The government has an "affirmative duty to disclose evidence favorable to a defendant" which "can trace its origins to early 20th-century strictures against misrepresentation…." *Kyles v. Whitley*, 514 U.S. 419, 432–34 (1995).  The most prominent of these decisions is *Brady v. Maryland*, 373 U.S. 83 (1963), holds "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. "[F]avorable to the accused" means the information "is exculpatory, or because it is impeaching." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

Here, it is beyond dispute that the material being suppressed is material to Ms. Kissane's defense.  An alleged victim in this case indicates that he has turned over to the FBI evidence, in the form of emails and voicemails, that his store has been targeted by others on numerous occasions.  The information suggest a potential third-party culpability defense.  Accordingly, the information is exculpatory and should have been disclosed.

The fact that the FBI suppressed the material from the Assistant United States Attorney is irrelevant because "[t]he prosecutor will be deemed to have knowledge

of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant." *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989).  Thus, the assigned Assistant United States Attorney is not immune from the FBI's transgressions in failing to disclose the information.  Nor is it excused from producing it now.

**III.   Conclusion**

For the above reasons, Ms. Kissane moves this Court to order the government to provide all *Brady* material, and additional Federal Rule of Criminal Procedure 16 materials, 30 days before trial.

Respectfully submitted,

Dated:  September 30, 2016        *s/ John C. Ellis, Jr.*
                                 JOHN C. ELLIS, JR.
                                 Federal Defenders of San Diego, Inc.
                                 Attorneys for Ms. Kissane
                                 Email:  John_Ellis@fd.org

1

## **CERTIFICATE OF SERVICE**

2        Counsel for the Defendant certifies that the foregoing pleading has been

3 electronically served on the following parties by virtue of their registration with the

4 CM/ECF system:

5       John Parmley
      Assistant U.S. Attorney

6

7       Michael Kaplan
      Assistant U.S. Attorney

8

                         Respectfully submitted,

9

10

      Dated:  September 30, 2016     *s/ John C. Ellis, Jr.*

11                                 JOHN C. ELLIS, JR.

12                                 Federal Defenders of San Diego, Inc.
                                Attorneys for Ms. Kissane

13                                 Email:  John_Ellis@fd.org

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28